IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GRADY EUGENE CHAPPELL**                                                  **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:23-cv-314-TBM-RPM**

**CITY OF BILOXI, MISSISSIPPI,** *et al.*                                **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the submission of the Report and Recommendation [57] entered by United States Magistrate Judge Robert P. Myers, Jr. on February 7, 2025. Judge Myers recommends granting the Motion to Dismiss, or in the alternative, Motion for Summary Judgment [38] filed by Defendants the City of Biloxi and Investigator Unknown Kelly, dismissing with prejudice Plaintiff Grady Eugene Chappell's claims arising under federal law, dismissing without prejudice Chappell's state-law claims, and that this case be closed. The Court finds that the Report and Recommendation [57] should be adopted and Chappell's Objection [59] should be overruled.

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). But, the objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). When a *de novo* review is not warranted, the Court

need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Here, Chappell does not specifically object to any portion of the Report and Recommendation. Instead, Chappell merely reasserts the allegations within his Complaint [1] and argues that "the summary judgment in this case should not be given because my civil rights matter[.]" [59], p. 5. In fact, Chappell spends the majority of his Objection discussing additional "factual background" for this Court's consideration rather than identifying specific findings to which he takes issue with.

For example, at the beginning of his Objection Chappell states, without context, that "I never realized before just how much these Incident Reports are made up by the authorities so they can cover up what truly happens." [59], p. 2. Apart from this conclusory statement, however, Chappell provides no additional discussion and wholly fails to identify the portion of the Report and Recommendation to which he objects. Similarly, Chappell asserts that "Biloxi violated my 5th . . . amendment by not bringing me back on court order to face the pending charge." [59], p. 3; 5. Yet he once again provides no allegations that the "Defendants were acting under the authority of the federal government" or that Judge Myers somehow erred in making this finding. [57], p. 9.

Since Magistrate Judge Myers thoroughly considered Chappell's allegations in the Report and Recommendation, Chappell's Objections "are repetitive of the arguments already made to the

magistrate judge," and *de novo* review is not warranted. *Hernandez*, 495 F. App'x at 416. Upon finding no error in Magistrate Judge Myer's Report and Recommendation, this Court "need not make new findings or reiterate the findings of the magistrate judge." *Id*. Even if this Court were to conduct a *de novo* review of the record, Chappell's Objection would nevertheless be overruled, and the Report and Recommendation would be adopted as the opinion of the Court given that Judge Myers appropriately applied the law to the facts in this case. *Raddatz*, 447 U.S. at 675.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [57] entered by United States Magistrate Judge Robert P. Myers, Jr. on February 7, 2025, is ADOPTED as the opinion of the Court. Plaintiff Grady Eugene Chappell's Objection [59] is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Grady Eugene Chappell's claims [1] arising under federal law should be DISMISSED with prejudice, and any state-law claims should be DISMISSED without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Grady Eugene Chappell's Motion for Subpoena [48] and Motion for Hearing [52] are DENIED as moot.

THIS, the 26th day of March, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE